IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 20-00030 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR REDUCTION OF |
| | ) | SENTENCE |
| | ) | |
| vs. | ) | |
| | ) | |
| VICENTE JOSE LEANO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

**I.   INTRODUCTION.**

In 2020, pursuant to a plea agreement, Defendant Vincente Jose Leano entered a plea of guilty to having possessed with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1).  Leano stipulated that in committing the offense he possessed more than 280 grams of pure methamphetamine. *See* ECF Nos. 34 and 35.  Given the amount of drugs Leano was responsible for, his Presentence Investigation Report determined that his base level offense was 32.  Three points were deducted for his acceptance of responsibility and assistance to authorities, giving him a total offense level of 29.  Leano had three criminal points based on a 2003 federal felony drug conviction, placing him in criminal history category II.  This resulted in a guideline sentencing range of 97 to 121 months.

However, Leano was subject to a mandatory minimum sentence of ten years of imprisonment, resulting in an applicable guideline range of 120 to 121 months pursuant to United States Sentencing Guidelines ("USSG") § 5G1.1(c)(2).  *See* Presentence Investigation Report, ECF No. 40.  The court adopted the Presentence Investigation Report without change.  *See* ECF No. 46.  The court sentenced Leano to 120 months of imprisonment, five years of supervised release, and a $100 special assessment.  *See* ECF Nos. 44 and 47.

On January 22, 2024, Leano moved for a reduction of his sentence pursuant to USSG Amendment 821, 88 F.R. 60534-36 (Sept. 1, 2023), a guideline amendment that provides for reduced guideline ranges.  On January 29, 2024, the Government opposed the motion.  *See* ECF No. 54.  On February 20, 2024, Leano filed a reply in support of his motion.  *See* ECF No. 55.  Because Amendment 821 is inapplicable, Leano's motion is denied.

**III.    ANALYSIS.**

The Government construes Leano's motion as one for compassionate release and therefore argues that Leano failed to exhaust his administrative remedies, nevertheless encouraging this court to deny the motion on the merits rather than on exhaustion grounds.  *See* ECF No. 54, PageID # 209.  Unlike compassionate release motions, however, exhaustion is not a prerequisite to bringing a motion under § 3582(c)(2), which is

2

the statutory section applicable to motions seeking relief under Amendment 821.  *Compare* 18 U.S.C. § 3582(c)(1)(a) (stating with respect to compassionate release motions that a court may reduce a term of imprisonment only "after the defendant has fully exhausted all administrative rights . . .") *with* 18 U.S.C. § 3582(c)(2) (containing no exhaustion language with respect to a motion for reduction of term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Alam notes that another provision, 18 U.S.C. § 3582(c)(2), authorizes prisoners to seek a sentence reduction without administrative exhaustion.  He's right.").  Leano has clarified that he is seeking relief under § 3582(c)(2), not § 3582(c)(1)(a).  *See* ECF No. 55, PageID #s 213-14.

Under 18 U.S.C. § 3582(c)(2), this court may modify a term of imprisonment as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has amended USSG § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for in Amendment 821, effective February 1, 2024.

Subpart A of Amendment 821 limits the overall criminal history impact of "status points," which are additional criminal history points given to a defendant for having committed an offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.  Leano did not receive any "status points," making Subpart A of Amendment 821 inapplicable.

Subpart B of Amendment 821 created a new Chapter Four guideline, USSG § 4C1.1 (Adjustment fo Certain Zero-Point Offenders), to provide for a decrease of two offense levels for defendants who meet its requirements, including having no criminal history points pursuant to chapter 4, part A.  Leano appears to be seeking a reduction of his sentence pursuant to Subpart B of Amendment 821.  However, he does not meet its requirements.  Leano received three criminal history points pursuant to USSG §§ 4A1.1(a) and 4A1.2(e)(1).  Those three criminal history points pursuant to USSG chapter 4, part A, make him ineligible for a two-level reduction pursuant to USSG § 4C1.1.

4

Even if Leano were eligible for a two-level reduction pursuant to USSG § 4C1.1, he would not be entitled to a reduced sentence.  The guideline range for a defendant with a total offense level of 27 and criminal history category of II is 78 to 97 months.  However, Leano was subject to a mandatory minimum sentence of ten years of imprisonment and was sentenced to that mandatory minimum sentence (120 months of imprisonment).  USSG § 5G1.1(b) provides, "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  Leano was sentenced to the least amount of prison time that he could have been sentenced to, even if he had had a total offense level of 27 and criminal history category of II.

Assuming Leano qualified for a two-level reduction in his offense level, the 18 U.S.C. § 3553(a) factors would weigh against a sentence reduction at this time.  Leano has a projected release date of October 19, 2028, indicating that he has a substantial portion of his ten-year sentence remaining.  *See* https://www.bop.gov/inmateloc/ (input Register Number 90683-022) (last visited February 21, 2024).  Leano's prior federal court drug conviction and the length of his remaining sentence support the court's determination that a reduction of his sentence would not reflect the seriousness of his offense, promote respect for

5

the law, provide just punishment for his offense, adequately deter criminal conduct, and protect the public from further crimes by Leano.

**III.    CONCLUSION.**

Leano's request for a reduction of his sentence is denied.

It is so ordered.

DATED: Honolulu, Hawaii, February 21, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Leano*, Cr. No. 20-00030 SOM; ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE