IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 20-cr-00030-DKW-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. SECTION 3582(c)(1)(A)** |
| VICENTE JOSE LEANO, | |
| Defendant. | |

Defendant Vicente Leano, proceeding without counsel, moves under 18 U.S.C. Section 3582(c)(1)(A) for a reduction of his 120-month term of imprisonment to "time served or a term consistent" with purportedly new U.S. sentencing guidelines, arguing that amendments to the guidelines that may come into effect in November 2025 will reduce his base offense level and, thus, his guideline imprisonment range. Dkt. No. 57. The government opposes Leano's request on numerous grounds. Dkt. No. 60.

For the reasons set forth more fully below, the Court agrees with the government that Leano is not entitled to a sentence reduction. First, Leano is mistaken that an amendment will take effect in November 2025 that reduces base offense levels for "actual" methamphetamine. Specifically, although the U.S. Sentencing Commission, in February 2025, *proposed* an amendment arguably

along the lines of the one Leano envisions, the Commission did <u>not</u> submit that proposal to the U.S. Congress, as required before any amendment may take effect. Second, even if the amendment that does not exist had produced the outcome Leano posits—a reduction in his base offense level—it would not affect his imprisonment term because he received the mandatory minimum sentence required by statute.  The motion, Dkt. No. 57, is, therefore, DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On December 2, 2020, Leano entered into a plea agreement with the United States in which he pled guilty to possessing with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. Section 841(b)(1)(A). Dkt. No. 35 at ¶ 4.  Among other things, Leano also agreed that, in light of pleading guilty to the above-mentioned offense, he was subject to a period of imprisonment of <u>not less</u> than 10 years.  *Id.* at ¶ 7.

On March 22, 2021, Leano received a sentence of 10 years' imprisonment. Dkt. Nos. 44-45.  At sentencing, the Court adopted the Presentence Investigation Report (PSR) without change or objection.  Dkt. Nos. 37, 39, 46.  In the PSR, applying U.S.S.G. Section 5G1.1(c)(2), the U.S. Probation Office calculated Leano's guideline imprisonment range as 120-121 months.  Dkt. No. 40 at ¶ 94. More specifically, the low-end of the above range was reached because

Section 841(b)(1)(A) required a <u>minimum</u> sentence of 10 years' imprisonment. *Id*. at ¶ 93.

An Amended Judgment was entered on March 31, 2021. Dkt. No. 47. Leano did not appeal or file a 28 U.S.C. Section 2255 petition. On January 22, 2024, though, he moved for a sentence reduction pursuant to 18 U.S.C. Section 3582(c), contending that his guideline imprisonment range would be reduced by an amendment to the guidelines. Dkt. No. 50. On February 21, 2024, the Court denied the motion, explaining that, even if an amendment to the guidelines might have lowered the imprisonment range for *some* defendants with a similar criminal history category and offense level, *Leano* was subject to a statutorily-required minimum sentence of 10 years' imprisonment. Dkt. No. 56 at 5. In other words, his guideline range would not change.

On July 25, 2025, Leano filed the instant motion for reduction of sentence, purportedly pursuant to 18 U.S.C. Section 3582(c)(1)(A). Dkt. No. 57. Despite acknowledging that he is subject to a minimum sentence of 10 years' imprisonment, Leano again argues that an upcoming amendment to the guidelines will lower his imprisonment range. The government has opposed the motion. Dkt. No. 60. On August 13, 2025, Leano filed a "notice of filing and request to waive or stay exhaustion requirement", which the Court liberally construes as a

3

reply. Dkt. No. 61. With no further briefing having been timely received, this Order now follows.

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in 18 U.S.C. Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with any relevant policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(a)(1)(A), (2), (3).[1]

## DISCUSSION

For the reasons set forth below, resolution of the instant motion is straightforward. First, contrary to Leano's unsupported assertion, no amendment

---

[1] In opposition, while accurately observing that Leano has not shown he brought the argument raised in the instant motion to the attention of the Warden of his prison facility and thus did not exhaust, the government asks the Court to "concern itself with the merits of Defendant's request." Dkt. No. 60 at 4. The Court, therefore, does so. The Court adds that, although Leano purported to bring the instant motion under Section 3582(c)(1)(A), given that he argues that an *amendment* to the guidelines has lowered his imprisonment range, the motion likely should have been brought under Section 3582(c)(2), which does not contain an explicit exhaustion requirement like Section 3582(c)(1)(A). *See* 18 U.S.C. § 3582(c)(2)(permitting a defendant to move for a sentence reduction when his term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission....").

4

will take effect in November 2025 that reduces the base offense levels for "actual" methamphetamine. Specifically, in February 2025, the U.S. Sentencing Commission provided notice of, among other things, a "multi-part *proposed* amendment" to address "offenses involving 'ice'" and "the purity distinction between methamphetamine in 'actual' form and methamphetamine as part of a mixture". *See* 90 Fed. Reg. 8968 (emphasis added). In providing this notice, the Commission stated that it was "considering" the proposals and seeking "public comment" with respect to the same. *Id*. In May 2025, after the expiry of the public comment period, the Commission provided notice of the amendments it had adopted and submitted to the U.S. Congress. *See* 90 Fed. Reg. 19798-19856. The "multi-part proposed amendment" contained in the February 2025 notice or, for that matter, any proposal related to the "purity distinction" for methamphetamine, is entirely missing from the May 2025 notice.[2] In other words, the Commission did <u>not</u> submit to Congress, as required by 28 U.S.C. Section 994(p), the purported amendment upon which Leano relies. Therefore, his guideline range will not be lowered in the manner he predicts.

---

[2] In fact, the May 2025 notice mentions the word "methamphetamine" but once in all of its 50-plus pages and, then, for no reason helpful to Leano. *See* 90 Fed. Reg. 19831 (striking an application note to the guidelines related to "departure considerations" containing the word "methamphetamine").

5

Second, even if the purported amendment had been submitted to Congress in compliance with applicable law, and even assuming it was enacted without change, it would not help Leano.  The reason is equally straightforward, not the least because Leano has been told about it on numerous occasions throughout this case, including in his plea agreement, at sentencing, and in the Court's denial of his earlier motion for reduction of sentence.  Specifically, Leano was sentenced pursuant to a <u>statutorily-required minimum</u> sentence of 120 months' imprisonment. Therefore, independent of the base offense level for Leano's methamphetamine offense, the <u>bottom</u> of his imprisonment range was set by statute at 120 months. *See* U.S.S.G. 5G1.1(c) (providing that, irrespective of the applicable guideline range, a sentence may not be "less than any statutorily required minimum sentence.").  An amendment to the guidelines cannot change this fact.

## CONCLUSION

For the reasons set forth herein, the motion for compassionate release, Dkt. No. 57, is DENIED.

IT IS SO ORDERED.

DATED: September 3, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

<u>United States of America v. Vicente Jose Leano;</u> Cr No 20-00030 DKW-1; **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. SECTION 3582(c)(1)(A)**