IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, Plaintiff, v. VICENTE JOSE LEANO, Defendant. | Case No. 20-cr-00030-DKW-1 **ORDER DENYING MOTION FOR RECONSIDERATION** |
|---|---|

Defendant Vicente Leano, proceeding without counsel, moves for reconsideration of this Court's September 3, 2025 Order denying Leano's motion under 18 U.S.C. Section 3582(c)(1)(A) for a reduction of his 120-month term of imprisonment. Dkt. No. 63.[1] For the following reasons, the motion for reconsideration is DENIED.[2]

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing or additional briefing.

[2] Leano also appealed the September 3, 2025 Order to the Ninth Circuit Court of Appeals. Dkt. No. 64. Ordinarily, the filing of a notice of appeal results in the transfer of jurisdiction from a district court to a court of appeals. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885-886 (9th Cir. 2001). Nonetheless, pursuant to Federal Rule of Civil Procedure 62.1(a), when a motion is filed in a case where the district court lacks jurisdiction due to a pending appeal, the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeal remands for that purpose or that the motion raises a substantial issue." Here, the Court takes the second permitted approach—denial of the motion for reconsideration.

Leano contends that reconsideration is warranted due to "four clear errors of law and fact" in the September 3, 2025 Order: (1) a "mischaracterization" of the Section 3582(c) motion; (2) finding that a "methamphetamine purity amendment" did not exist; (3) finding that Leano's mandatory minimum sentence "bars" a reduction under Section 3582(c); and (4) failing to address the sentencing factors under 18 U.S.C. Section 3553.[3]

Upon review, all of the foregoing arguments amount to nothing more than a disagreement with findings in the September 3, 2025 Order, and, thus, are not valid bases for reconsideration. *See Crump v. Bay Area Rapid Transit Dist.*, 821 F. App'x 705, 709 (9th Cir. July 17, 2020) (affirming the denial of a Rule 59(e) motion because the movant "simply disagrees" with the verdict reached at trial); *Rodriguez v. Allison*, 2022 WL 10198820, at * (S.D. Cal. Oct. 17, 2022) (citing cases and explaining that a "party seeking reconsideration must show more than a disagreement with the Court's decision…") (quotation omitted).

---

[3] Because the September 23, 2025 motion for reconsideration was filed within 28 days of the September 3, 2025 Order, the Court considers the same under Federal Rule of Civil Procedure 59(e). "[A] Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment [of the judgment] is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Here, Leano appears to rely upon the first and, perhaps, the third grounds.

2

In addition, Leano is simply wrong with regard to the four "clear errors" he claims to have discovered in the September 3, 2025 Order.  First, the Court did not "mischaracterize[e]" the Section 3582(c) motion or otherwise construe it solely under Section 3582(c)(2).  Second, there is currently no "methamphetamine purity amendment" to the U.S. Sentencing Guidelines.  Third, Leano was sentenced pursuant to a mandatory minimum sentence, and he does not identify any mechanism for the Court to impose something below that statutory minimum, including any purported methamphetamine purity amendment.  *See also* Dkt. No. 62 at 6 (citing U.S.S.G. § 5G1.1(c)).  And, fourth, because Leano failed to show an "extraordinary and compelling" reason for a sentence reduction, it was unnecessary for this Court to address the Section 3553 factors.  That remains the case.  *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

The motion for reconsideration, Dkt. No. 63, is therefore DENIED.

IT IS SO ORDERED.

DATED: September 30, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Vicente Jose Leano*; Cr 20-00030 DKW-1; **ORDER DENYING MOTION FOR RECONSIDERATION**